# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF THE 11TH JUDICIAL DISTRICT
LUZERNE COUNTY BRANCH, PENNSYLVANIA

| | |
|---|---|
| LAUREN M. HAMMOND-PABON, : PLAINTIFF, : : | CIVIL ACTION - LAW |
| VS. : : | NO. 202110822 |
| AMAZON.COM SERVICES, LLC, : AMAZON LOGISTICS, INC., : AMAZON.COM, INC. AND : 550 OAK RIDGE ROAD, LLC : DEFENDANTS. : | |

## NOTICE

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

North Penn Legal Services, Inc.
33 N. Main Street, Suite 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Toll free
(570) 824-0001 Fax
or
101 West Broad Street, Suite 513
Hazleton, PA 18201
(570) 455-9512
(877) 953-4250 Toll free
(570) 455-3625 Fax

## **AVISO**

A usted se le ha demandado en la corte. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

Servicios Legales de North Penn, Inc.
33 la Calle Main del Norte, Oficina 200
Pittston, PA  18640
(570) 299-4100
(877) 953-4250 Llamada gratuita
(570) 824-0001 Fax

o

101 la Calle Broad del Oeste, Oficina 513
Hazleton, PA  18201
(570) 455-9512
(877) 953-4250 Llamada gratuita
(570) 455-3625 Fax

IN THE COURT OF COMMON PLEAS OF THE 11TH JUDICIAL DISTRICT
LUZERNE COUNTY BRANCH, PENNSYLVANIA

| | |
|---|---|
| LAUREN M. HAMMOND-PABON, <br> PLAINTIFF, | : CIVIL ACTION - LAW <br> : |
| VS. | : NO. 202110822 <br> : |
| AMAZON.COM SERVICES, LLC, <br> AMAZON LOGISTICS, INC., <br> AMAZON.COM, INC. AND <br> 550 OAK RIDGE ROAD, LLC <br> DEFENDANTS. | : <br> : <br> : <br> : <br> : |

# COMPLAINT

Plaintiff, Lauren M. Hammond-Pabon, by her Attorney, Michael B. Smith of Fanelli, Evans & Patel, P.C., files the within Complaint against Defendants based upon the following cause of action:

### PARTIES

1. Plaintiff, Lauren M. Hammond-Pabon, is an adult individual residing at 1246 Markley Street, Norristown, Montgomery County, Pennsylvania, 19401.

2. Defendant, Amazon.com Services, LLC, is a foreign limited liability company with a principal place of business at 410 Terry Avenue N., Seattle, King County, Washington, 98109-5210.

3. Defendant, Amazon Logistics, Inc., is a foreign corporation with a principal place of business at 410 Terry Avenue N., Seattle, King County, Washington, 98109-5210.

4. Defendant, Amazon.com, Inc., is a foreign corporation with a principal place of business at 410 Terry Avenue N., Seattle, King County, Washington, 98109-5210.

5. Defendant, 550 Oak Ridge Road, LLC., is a foreign limited liability company

1

with a registered address of 600 North Second Street, Suite 401, Harrisburg, PA 17101.

6. At all times relevant hereto, the Defendants owned, operated, maintained, managed, supervised, possessed and controlled, by or through their agents, servants and/or employees, the Amazon Fulfillment Center located at 550 Oak Ridge Road, Hazleton, Hazle Township, Luzerne County, Pennsylvania, 18202.

7. Defendants are vicariously liable for the negligent acts and/or omissions of their agents, servants and/or employees.

## JURISDICTION AND VENUE

8. Venue is proper in the Court of Common Pleas of Luzerne County because the incident giving rise to Plaintiff's claim occurred in Luzerne County.

## FALL OF FEBRUARY 11, 2020

9. On February 11, 2020, Plaintiff, Lauren M. Hammond-Pabon, drove a tractor-trailer from Easton, Pennsylvania, to the Amazon Fulfillment Center at 550 Oak Ridge Road in Hazleton, Pennsylvania, intending to drop off her fully loaded trailer at the Amazon Fulfillment Center and pick up an empty trailer to drive back to Easton.

10. Upon arrival at the Amazon location in Hazleton, the Plaintiff was directed by agents of the Defendants to the "off lot" to drop off her trailer.

11. Upon unloading her trailer at the off lot, Plaintiff located the empty trailers and connected her tractor to one of the empty trailers.

12. After connecting her tractor to the empty trailer, Plaintiff got out of her tractor to wind up the empty trailer's landing gear.

13. As Plaintiff was walking from her tractor to her trailer, she slipped on ice that had

2

accumulated beneath standing water.

14. Plaintiff fell to the ground and landed on her back, resulting in injuries set forth below.

15. Plaintiff's pain and the slipperiness of the ice made it impossible for her to get to her feet.

16. Plaintiff laid on the ground and yelled repeatedly for help, but had to use her phone to call 911 when no one responded to her yells.

17. Defendants knew or should have known that the icy condition of the lot and the concealment of the ice beneath standing water created a risk of harm to persons using the lot, including Plaintiff, exposing them to the risk of a slip and fall injury.

18. A property owner is not permitted to needlessly endanger the public.

19. On the above date and at the above time, Defendants, by and through its agents, servants, and/or employees, had a duty to maintain the Premises in a reasonably safe condition and free from any dangerous conditions, for persons lawfully on the Premises, including Plaintiff.

## NEGLIGENCE

20. Paragraphs 1 through 19 above are incorporated herein by reference and made a part hereof.

21. Plaintiff, Lauren M. Hammond-Pabon, was lawfully on the premises as a business invitee of Defendants at the time of the slip and fall, and was therefore owed the highest duty of care.

22. Defendants knowingly and/or carelessly allowed the icy conditions which caused

3

Plaintiff to slip and fall to exist on the Premises.

23. Defendants failed to warn Plaintiff of the dangerous condition of the ice beneath the standing water and the likelihood that it would create a slipping hazard.

24. Defendants were aware or should have been aware of the hazard created by the ice and standing water, but failed to take reasonable measures to remove the hazard or make it safe and prevent a hazardous condition of the premises.

25. At all times relevant hereto, Plaintiff acted in a reasonable and prudent manner, was in no manner negligent, and in no manner caused or contributed to the happening of the aforementioned incident.

26. The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendants by and through their agents, servants, workmen and/or employees and consisted of the following:

  a. failing to ensure that the lot was safe for users;

  b. failure to treat the icy area of the lot or otherwise remove the ice from the lot;

  c. failure to remove the standing water so that the icy area would be visible;

  d. failing to warn Plaintiff of the dangerous and hazardous condition created by the ice and water;

  e. failing to properly and adequately maintain and inspect the lot;

  f. creating, permitting and allowing to exist a foreseeable risk of harm to Plaintiff;

  g. failing to adhere to industry standard for the maintenance of the property;

4

   h. failing to maintain and/or otherwise adequately notify Plaintiff and others similarly situated of the dangerous and defective condition of the lot and allowing the lot to remain in a dangerous and hazardous condition for Plaintiff and others similarly situated;

   i. failure to perform adequate inspections;

   j. failing to use reasonable care in the inspection, maintenance and/or repair of the Premises in question;

   k. failing to adopt a policy for inspecting the Premises to ensure it is free from dangerous conditions, including ice and standing water which create a slipping hazard;

   l. failing to implement its policy for inspecting the Premises to ensure it is free from dangerous conditions;

   m. failing to adequately train its employees to inspect the Premises for dangerous conditions or otherwise failing to ensure its employees complied with the training;

   n. failing to have proper procedures in place to identify hazards and protect its invitees against those hazards;

   o. failing to implement its procedures to identify hazards and protect its invitees against those hazards; and,

   p. allowing ice to accumulate on the parking lot, and failing to appropriately treat it, creating a dangerous condition for the public including the Plaintiff.

  27. As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff, Lauren Hammond-Pabon, suffered serious injuries, including but not limited to:

   a. Strain of muscles, fascia and tendons of right shoulder and arm;

   b. Right rotator cuff injury;

      c.      Thoracic strain;

      d.      Cervical injury with radiculopathy;

      e.      Cervicalgia;

      f.      Cervical spondylosis;

      g.      Cervical facet joint syndrome;

      h.      Lumbar strain with radiculopathy;

      i.      Lumbago;

      j.      Chronic pain syndrome;

      k.      traumatic ecchymosis of right upper arm;

      l.      right hip pain;

      m.      right thigh pain;

      n.      Multiple contusions, and

      o.      cervical, thoracis and lumbar disc injuries.

28.    As a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff, Lauren Hammond-Pabon, has been obliged to receive and undergo medical care and attention, and to expend various sums of money and to incur various expenses in and about endeavoring to treat and cure the injuries she has suffered, and she may be forced to continue to expend such sums or incur such expenditures in the future, for which she makes a claim.

29.    As a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff, Lauren Hammond-Pabon, has undergone and will undergo in the future great mental and physical pain and suffering, and humiliation.

30. As a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff, Lauren Hammond-Pabon, has sustained a wage loss and permanent diminution in her ability to enjoy life's pleasures and has been prevented, and may be so prevented for an indefinite period of time in the future, from attending to her usual daily activities and duties.

31. As a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff, Lauren Hammond-Pabon, has incurred, and may hereinafter incur, other financial expenses or losses, which have or may exceed the amounts to which she may be otherwise entitled to recover by law.

WHEREFORE, Plaintiff, Lauren Hammond-Pabon, respectfully requests this Honorable Court to enter judgment in her favor and against Defendants in an amount which exceeds the limits of arbitration together with interest and costs of this action and any other sum due and owing because of delay in payment.

LAW OFFICES
FANELLI, EVANS & PATEL, P.C.

DATE: APRIL 8, 2022

/s/ Michael B. Smith

MICHAEL B. SMITH, ESQUIRE
I.D. No. 207158
No. 1 Mahantongo Street
Pottsville, PA   17901
P. (570) 622-2455
F. (570) 622-5336
E: msmith@feplawyers.com
*Attorney for Plaintiff*

## **VERIFICATION**

I, LAUREN M. HAMMOND-PABON, hereby verify that the facts set forth in the Complaint are true and correct to the best of my personal knowledge, information, and belief. I further understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsifications to authorities.

_____
LAUREN M. HAMMOND-PABON

## IN THE COURT OF COMMON PLEAS OF THE 11TH JUDICIAL DISTRICT
## LUZERNE COUNTY BRANCH, PENNSYLVANIA

| | |
|---|---|
| LAUREN M. HAMMOND-PABON,<br>        PLAINTIFF, | : CIVIL ACTION - LAW<br>:<br>: |
| VS. | : NO. 202110822<br>: |
| AMAZON.COM SERVICES, LLC,<br>AMAZON LOGISTICS, INC.,<br>AMAZON.COM, INC. AND<br>550 OAK RIDGE ROAD, LLC<br>        DEFENDANTS. | :<br>:<br>:<br>:<br>: |

### CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

LAW OFFICES
FANELLI, EVANS & PATEL, P.C.

DATE: APRIL 8, 2022

/s/ Michael B. Smith

MICHAEL B. SMITH, ESQUIRE

### CERTIFICATE OF SERVICE

I, MICHAEL B. SMITH, ESQUIRE, do hereby certify that I served a true and correct copy of Complaint in the above-captioned matter via electronic mail on the 8th day of April, 2022, upon the following individuals:

Salvatore A. Clemente, Esquire
Salvatore.clemente@wilsonelser.com
Maria G. Perri-Quinn, Esquire
Maria.perri-Quinn@wilsonelser.com
Allison M. Patterson, esquire
Allison.patterson@wilsonelser.com
*Attorneys for Amazon*

Norman Namey, Esquire
namey@bbs-law.com
*Attorney for 550 Oak Ridge Road, LLC*

LAW OFFICES
FANELLI, EVANS & PATEL, P.C.

/s/ Michael B. Smith

MICHAEL B. SMITH, ESQUIRE
I.D. No. 207158
No. 1 Mahantongo Street
Pottsville, PA 17901
P. (570) 622-2455
F. (570) 622-5336
E: msmith@feplawyers.com
*Attorney for Plaintiff*